IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD DIVISION

| | | |
|---|---|---|
| JOHN EDMONDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.   1:18-cv-01519 |
| | ) | |
| ALTICE TECHNICAL SERVICES US LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441 *et seq.*, Defendant, Altice USA, Inc.[1] ("Altice"), removes the above-entitled case from the Circuit Court of Mercer County, West Virginia, to the United States District Court for the Southern District of West Virginia, Bluefield Division.  In support of this Notice, Altice states as follows:

1.    A civil action denominated as *John Edmonds v. Altice Technical Services US LLC*, Case No. 18-C-274 was commenced in the Circuit Court of Mercer County, West Virginia on or about October 3, 2018.  A copy of the Court's file, including Plaintiff's original Complaint, is attached hereto as Exhibit A and a copy of the state court docket sheet is attached as Exhibit B. These papers constitute all process, pleadings, and orders served in the state court action. Additionally, a copy of this *Notice of Removal* has been filed with the Circuit Court of Mercer County, West Virginia along with a *Notice of Filing Notice of Removal*, a copy of which is attached hereto as Exhibit C.

---

[1] Plaintiff improperly named Altice Technical Services US LLC as the defendant in this matter.  At all relevant times, Altice USA, Inc. was Plaintiff's employer, and is thus the proper defendant in this case.

2. Altice was served with the Complaint on November 15, 2018.  As such, pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is filed within 30 days after service of the Complaint on Altice and is, therefore, timely.

3. This Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1332, and the action is removable pursuant to 28 U.S.C. § 1441 because (1) the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs, and (2) there is complete diversity of citizenship between Plaintiff and Altice.

4. The United States District Court for the Southern District of West Virginia, Bluefield Division is the appropriate venue for removal of Plaintiff's state court action pursuant to 28 U.S.C. § 1441, which permits any civil action brought in any state court in which the District Courts of the United States have original jurisdiction to be removed to the District Court of the United States for the district and division embracing the place where the state court action is pending.

5. In his Complaint, Plaintiff brings two counts against Altice.  In Count I, Plaintiff alleges discriminatory discharge based on disability and failure to accommodate a disability in violation of the West Virginia Human Rights Act ("WVHRA").  *See* Exhibit A, Plaintiff's Complaint at ¶¶ 17-20.  In Count II, Plaintiff alleges breach of contract based on an implied employment contract. *See* Exhibit A, Plaintiff's Complaint at ¶¶ 21.

## AMOUNT IN CONTROVERSY

6. Section 1332(a) requires that the amount in controversy in diversity actions exceed $75,000, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(a).  To demonstrate that the jurisdictional amount has been met, a removing party need only show that it is more likely than not that the amount in controversy exceeds $75,000.  *See McCoy v. Erie Ins. Co.*, 147 F.

Supp. 2d 481, 489 (S.D. W. Va. 2001); *see also* 28 U.S.C. § 1446(c)(2)(B) ("[R]emoval of the action is proper on the basis of an amount in controversy . . . if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000].").

7.     The amount in controversy in this case likely exceeds $75,000.  Plaintiff seeks front and back pay; damages for indignity, embarrassment, humiliation, annoyance, inconvenience, pain/suffering, medical expenses, loss of enjoyment of life, pre/post-judgment interest, and emotional distress; punitive damages; attorneys' fees and costs; and other damages for which he asserts Altice is liable. *See* Exhibit A, Plaintiff's Complaint at ¶¶ 22-28.

8.     Plaintiff's claimed back pay, punitive damages, and attorneys' fees satisfy the jurisdictional amount.  Plaintiff alleges that his employment was terminated around January 2018, although his actual termination date was September 15, 2017.  *See* Affidavit of Christopher Clarke, attached as Exhibit D.  Therefore, as of the date of removal, Plaintiff seeks back wages spanning approximately fifteen months.  Plaintiff's hourly wage at the time of his discharge was $18.49, or approximately $38,459.20 annually, assuming Plaintiff worked forty hours in each week of the year. *See* Exhibit D.  Given that Plaintiff is seeking back wages spanning approximately fifteen months, such wages would equal approximately $48,074 for the fifteen month period. *See* Exhibit D.  As such, Plaintiff's plea for back wages alone satisfies almost 65% of the statutory amount in controversy of $75,000.

9.     Plaintiff also seeks punitive damages. *See* Exhibit A, Plaintiff's Complaint at ¶¶ 24, 25. The Court may consider Plaintiff's claim for punitive damages when "determining the amount in controversy unless it can be said to a legal certainty that plaintiff cannot recover punitive damages in the action." *Mullins v. Harry's Mobile Homes, Inc.*, 861 F. Supp. 22, 24 (S.D. W. Va. 1994) (citing *Bell v. Preferred Life Assurance Society*, 320 U.S. 238 (1943)).

Plaintiffs pursuing relief under the WVHRA for alleged discrimination have, in the past, obtained sizeable punitive damage awards. *See, e.g., W. Va. Am. Water Co. v. Nagy*, No. 101229, 2011 WL 8583425, at *4 (W. Va. June 15, 2011) (affirming $350,000 punitive damage award to WVHRA, age discrimination plaintiff).

10.     Plaintiff also seeks attorneys' fees and costs. *See* Exhibit A, Plaintiff's Complaint at ¶¶ 24, 27. The recovery of attorneys' fees is properly included in the amount in controversy where a statute expressly allows the payment of such fees. *Francis v. Allstate Ins. Co.*, 709 F.3d 362, 368 (4th Cir. 2013). The WVHRA expressly allows the payment of attorneys' fees. *See* W. Va. Code § 5-11-13(c).[2] In light of fee awards in other cases under the WVHRA, Plaintiff's claim for attorneys' fees and costs pushes the total amount in controversy in this matter well-beyond the jurisdictional threshold of $75,000. *See Mullins*, 861 F. Supp. at 24 (in determining the amount in controversy, "[t]he court . . . is not required to leave its common sense behind.").

11.     In sum, Plaintiff's claims for damages related to his alleged loss of wages, emotional distress, medical expenses, punitive damages, and attorneys' fees clearly satisfy the statutory amount in controversy of $75,000 for diversity jurisdiction. *See* 28 U.S.C. 1446(c) ("[R]emoval of the action is proper on the basis of an amount in controversy . . . if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds" $75,000); *see, e.g., Kellogg, Brown & Root, Inc. v. Bragg*, 250 F. Supp. 2d 644, 667 (S.D. W. Va. 2003) (amount in controversy requirement satisfied in context of motion to compel arbitration in a wrongful discharge case when plaintiff's lost wages equaled $40,000, and

---

[2] Both state and federal courts have awarded attorneys' fees under section 5-11-13(c). *See Muovich v. Raleigh Cnty. Bd. of Educ.*, 58 F. App'x 584, 591 (4th Cir. 2003) (affirming an award of $260,000 in attorneys' fees and costs in the context of a claim for disability discrimination under the WVHRA); *Dobson v. E. Associated Coal Corp.*, 188 W. Va. 17, 20 n.16, 422 S.E.2d 494, 497 n. 16 (1992) (affirming $94,887.05 in attorneys' fees and costs in the context of a claim for age discrimination under the WVHRA).

plaintiff also claimed lost employment benefits, emotional distress, and loss of ability to enjoy life).

## DIVERSITY OF CITIZENSHIP

12.     Plaintiff is an individual residing in the State of West Virginia and is therefore a citizen of West Virginia for purposes of 28 U.S.C. § 1332 and 28 U.S.C. § 1441.  *See* Exhibit A, Plaintiff's Complaint at ¶ 3.

13.     Altice is a corporation incorporated in the State of Delaware with its principal place of business in Long Island City, New York and is therefore a citizen of Delaware and New York for purposes of 28 U.S.C. § 1332 and 28 U.S.C. § 1441.  *See* Exhibit A, Plaintiff's Complaint at ¶ 4.

## CONCLUSION

14.     Defendants remove this case to federal court pursuant to 28 U.S.C. § 1332 because there is complete diversity between Plaintiff and Altice, and the amount in controversy exceeds $75,000.

15.     Altice reserves the right to amend or supplement this Notice of Removal.

16.     By filing this Notice of Removal, Altice does not waive any defenses that may be available to it.

Respectfully submitted,

**ALTICE USA, INC.**
**By Counsel,**

/s/ Michael A. Frye
Thomas E. Scarr, Esquire (WVSB #3279)
Michael A. Frye, Esquire (WVSB #7712)
**JENKINS FENSTERMAKER, PLLC**
Post Office Box 2688
Huntington, West Virginia  25726-2688
Phone:  (304) 523-2100
Fax:  (304) 523-2347

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD DIVISION

JOHN EDMONDS,                                    )
                                                 )
    Plaintiff,                                   )
                                                 )
v.                                               )        Case No.   1:18-cv-01519
                                                 )
ALTICE TECHNICAL SERVICES US LLC,                )
                                                 )
    Defendant.                                   )

## CERTIFICATE OF SERVICE

    I, Michael A. Frye, counsel for Defendant, certify that a true and correct copy of the foregoing *Notice of Removal* was electronically filed with the Clerk of the Court on this the 14th day of December, 2018 using the CM/ECF system and mailed to the following individual by depositing the same in the U.S. Mail, postage prepaid, this 14th day of December, 2018:

D. Adrian Hoosier, II (WVSB# 10013)
Hoosier Law Firm, PLLC
2306 ½ Kanawha Blvd., East
Charleston, WV 25311
adrian@hlfwv.com
*Counsel for Plaintiff*

/s/ Michael A. Frye
Thomas E. Scarr, Esquire (WVSB #3279)
Michael A. Frye, Esquire (WVSB #7712)

**JENKINS FENSTERMAKER, PLLC**
Post Office Box 2688
Huntington, West Virginia  25726-2688
Phone:  (304) 523-2100
Fax:  (304) 523-2347
maf@jenkinsfenstermaker.com