

D. Adrian Hoosier, II
WV Bar Id. No.: 10013
adrian@hlfwv.com
(p) 681.265.5000
(f) 681.265.5001

September 20, 2018

Julie Ball, Clerk
Mercer County Courthouse
1501 Main Street
Princeton, WV 24740

**FILED**
OCT - 3 2018
CLERK CIRCUIT COURT
MERCER COUNTY

18-C-274-WS

Re: John Edmonds v. Altice Technical Services US, LLC

Dear Ms. Ball,

Enclosed for filing, please find an original and appropriate copies of the following regarding the above referenced matter:
1. **CIVIL COVER SHEET**
2. **SUMMONS**
3. **COMPLAINT**

I have also enclosed a check to Mercer County Circuity Clerk (filing fees), a check to WV SOS (for service upon Altice Technical Services US, LLC), and a pre-paid envelope for a copy of the filings to be returned to our office.

Thank you for your attention to this matter.

Sincerely,

Candice Corathers

Candice Corathers
Paralegal to D. Adrian Hoosier, II

2306 ½ Kanawha Blvd. East, Charleston, West Virginia – 25311

**EXHIBIT**
A

FILED
OCT 03 2018
JULIE BALL
CLERK CIRCUIT COURT
MERCER COUNTY

IN THE CIRCUIT COURT OF __MERCER__ COUNTY, WEST VIRGINIA

**CIVIL CASE INFORMATION STATEMENT**
(Civil Cases Other than Domestic Relations)

### I. CASE STYLE:

Case No. 18-C-294
Judge: Sadler

**Plaintiff(s)**
JOHN EDMONDS

vs.

**Defendant(s)**
ALTICE TECHNICAL SERVICES US, LLC
Name
115 DYE Drive
Street Address
Beckley, WV 25801
City, State, Zip Code

Days to Answer: 30
Type of Service: SOS

### II. TYPE OF CASE:

- [x] General Civil
- [ ] Mass Litigation [As defined in T.C.R. 26.04(a)]
  - [ ] Asbestos
  - [ ] FELA Asbestos
  - [ ] Other:
- [ ] Habeas Corpus/Other Extraordinary Writ
- [ ] Other:

- [ ] Adoption
- [ ] Administrative Agency Appeal
- [ ] Civil Appeal from Magistrate Court
- [ ] Miscellaneous Civil Petition
- [ ] Mental Hygiene
- [ ] Guardianship
- [ ] Medical Malpractice

### III. JURY DEMAND: [x] Yes [ ] No   CASE WILL BE READY FOR TRIAL BY (Month/Year): 09 / 2019

### IV. DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL ACCOMMODATIONS?

[ ] Yes [x] No

IF YES, PLEASE SPECIFY:
- [ ] Wheelchair accessible hearing room and other facilites
- [ ] Reader or other auxiliary aid for the visually impaired
- [ ] Interpreter or other auxiliary aid for the deaf and hard of hearing
- [ ] Spokesperson or other auxiliary aid for the speech impaired
- [ ] Foreign language interpreter-specify language:
- [ ] Other:

Attorney Name: D. Adrian Hoosier, II
Firm: Hoosier Law Firm, PLLC
Address: 2306 1/2 Kanawha Blvd E, Charleston, WV 25311
Telephone: 681-265-5000
[ ] Proceeding Without an Attorney

Representing:
- [x] Plaintiff
- [ ] Defendant
- [ ] Cross-Defendant
- [ ] Cross-Complainant
- [ ] 3rd-Party Plaintiff
- [ ] 3rd-Party Defendant

Original and __2__ copies of complaint enclosed/attached.
Dated: 09 / 20 / 2018    Signature: _____

SCA-C-100: Civil Case Information Statement (Other than Domestic Relations)    Revision Date: 12/2015

FILED
OCT 03 2018
JULIE BALL
CLERK CIRCUIT COURT
MERCER COUNTY

IN THE CIRCUIT COURT OF MERCER COUNTY, WEST VIRGINIA

JOHN EDMONDS,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　Civil Action: 18-C-274
　　　　　　　　　　　　　　　　　　　Judge: Sadler

ALTICE TECHNICAL SERVICES US LLC,

    Defendant.

## COMPLAINT

1. Plaintiff John Edmonds (hereinafter "Plaintiff") brings this Complaint for violations of the W.Va. Human Rights Act, breach of contract/implied contract, and violations of public policy stemming from his employment separation with Defendant Altice Technical Services US, LLC (hereinafter "Defendant" or "Altice").

2. Each "Count" herein is intended to be plead as a separate and distinct "Count" from all other "Counts" whether or not "enumerated" as a separate count.

3. Plaintiff is a resident of West Virginia.

4. Defendant is chartered in the State of West Virginia with operations in West Virginia and list Beckley, West Virginia as its designated office. Defendant employed Plaintiff in Mercer County, West Virginia and has operations in Mercer County, West Virginia. All actions and inactions alleged herein did occur in Mercer County, West Virginia.

1

5. Jurisdiction and venue are appropriate in this court.

## GENERAL ALLEGATIONS

6. Plaintiff(s) hereby adopt(s) verbatim as if set forth herein each of the allegations and averments set forth in all above paragraphs and/or headings.

7. Plaintiff was employed by Defendant until his wrongful termination around January 2018.

8. Plaintiff worked as a service tech for the Defendant.

9. Plaintiff was/is disabled and had a known disability. Plaintiff had to leave work due to complications from his injury and reported the same.

10. Defendant knew of his disability.

11. Plaintiff had no issues with Defendant until he left work on disability.

12. Defendant's hand book provides for protection of men and women who are disabled, and/or injured.

13. It is against Defendant's policies for a man or woman to be discriminated against in whole or in part to their disability.

14. Defendant violated a contract/implied contract with the plaintiff in its failure to adhere to its policy, failure to adhere to his handbook, and by allowing Plaintiff to be discriminated against/terminated due to his disability.

15. If fact, despite never having major issues with the defendant for the duration of his employment, plaintiff was terminated while on doctor's orders to be off work due to injury.

16. Plaintiff's termination was in violation of the W.Va. Human Rights Act, and public policy. His termination and treatment were based in whole or in part on his disability, or work place injury. Plaintiff's allegations are supported by his disability as set forth above and below.

## VIOLATION OF THE WV HUMAN RIGHTS ACT – COUNT 1

17. Plaintiff hereby adopt verbatim as if set forth herein each of the allegations and averments set forth in all above paragraphs and/or headings.

18. Defendants' termination of Plaintiff's employment (actual) was based upon, in whole or in part, on Plaintiff's disability/failure to accommodate disability in violation of the WVHRA and its accompanying regulations, and/or Defendant's handbook that prohibits discrimination based on disability.

19. Defendants' treatment/ termination of Plaintiff was based in whole or in part on Plaintiff's disability, or failure to accommodate disability. Plaintiff is a member of a protected class (disabled); the Defendant made an adverse decision concerning the plaintiff; but for the plaintiff's protected status, the adverse decision would not have been made. Syllabus point 2, *Conaway v. Eastern Associated Coal Corp.*, 358 S.E.2d 423 (W. Va. 1986); Syllabus point 4, *Mayflower Vehicle Sys., Inc. v. Cheeks*, 629 S.E.2d 762 (W. Va. 2006). Plaintiff has been harmed by Defendant's actions in violation of the WVHRA, and Defendant's own handbook prohibiting disability, or work place injury discrimination. Plaintiff was discriminated against by his employer. Plaintiff

3

was terminated not due to a permissible or justifiable ground for termination, but because he was disabled.

20. Defendant likewise failed to accommodate plaintiff's disability. Plaintiff herein alleges BOTH disability discrimination in violation of the WVHRA AND failure to accommodate disability in violation of the WVHRA. Plaintiff was required to leave work for a disability/injury/inability to preform job functions. Plaintiff was under physician's orders to not be at work. Plaintiff explained this to Defendant. Plaintiff was terminated while off work due to disability/injury/inability to preform job functions. Plaintiff was not offered light duty or any accommodation even though he was promised the same and entitled to the same.

## BREACH OF CONTRACT – COUNT 2

21. Plaintiff hereby adopts verbatim as if set forth herein each of the allegations and averments set forth in all above paragraphs and/or headings
    a. Implied Employment Contract
        i. Supreme Court of Appeals of West Virginia ("Supreme Court of Appeals") has recognized implied employment contracts. Implied contracts are those that are recognized by the Court where there is no official contract, but there is evidence of an implied contractual relationship. See *Cook v. Heck's Inc.*, 342 S.E.2d 453 (W. Va. 1986); *Hogue v. Walker Machinery*, 431 S.E.2d 687 (W. Va. 1993).

      i. Additionally, past practices and customs, even if they are not in writing, creates an implied contract (herein Defendant breached the agreement.by failing to pay Plaintiff under the terms of the verbal contract, failure to follow the policy in the handbook/regulations as explained, and retaliating against Plaintiff since he was gay when the handbook states that he cannot be retaliated against for disability, reporting of violations, or work place injury, specifically. Plaintiff preformed all parts of the agreement to be performed by Plaintiff.)

      ii. Plaintiff relied on the actual or implied contracts made by Defendant verbally and/or in the handbook.

      iii. Defendant breached the Implied Contracts.

      iv. Plaintiff has been damaged by Defendant's breach and is entitled to damages.

## DAMAGES

22. Plaintiff adopts verbatim as if set forth herein each of the allegations and averments set forth in Paragraphs 1 through 21 of Plaintiff's Complaint.

23. As a direct and proximate result of Defendant's actions, Plaintiffs is entitled to damages for 1) indignity, 2) embarrassment, 3) humiliation and 4) emotional distress in an amount to be determined by the jury.

24. Defendant's actions were willful, wanton and malicious and violated the WVHRA entitling Plaintiff to 5) attorneys' fees and 6) cost pursuant to W. Va.

Code § 5-11-13 and/or **7)** the decisions of the Supreme Court of Appeals of West Virginia. Defendant is strictly liable for Plaintiffs' damages. *Hanlon v. Chambers*, 195 W.Va. 99, 464 S.E.2d 741 (1985). Defendants actions were in violation of the WVHRA and as such Plaintiff is entitled to **8)** "back pay or any other legal or equitable relief" and the trial court, **9)** "in its discretion, may award all or a portion of the costs of the litigation, including reasonable attorney fees and witness fees, to the complainant." W.Va. Code § 5-11-13. The Supreme Court of Appeals has interpreted "other legal or equitable relief" to include typical tort damages, including **10)** emotional distress, **11)** front pay, and **12)** punitive damages. See *Dobson v. Eastern Associated Coal Corp.*, 422 S.E.2d 494 (W. Va. 1992) (holding that recovery of typical tort damages is permitted by the statutory language and that, specifically, front pay is available); *Akers v. Cabell Huntington Hosp., Inc.*, 599 S.E.2d 769, 777 (W. Va. 2004) (holding that emotional distress damages are available under the Act); Syllabus point 4, *Haynes v. Rhone-Poulenc, Inc.*, 521 S.E.2d 331 (W. Va. 1999) (holding that punitive damages are available under the Act).

25. Defendant's actions were willful, wanton and/or grossly negligent, and, as such, Plaintiffs are entitled to punitive damages. Intend is assumed when a jury finds a WVHRA violation. Thus, punitive damages are permitted and instructed.

26. Plaintiff is also entitled for those aforesaid **13)** damages under *Harless, supra*. As the same pertain to the public policy violations.

27. Plaintiff is also entitled to **14-15)** pre/post-judgment interest, **16)** costs, and **17)** fees.

6

28. And all other damages which are **18)** just and foreseeable herein and/or allowed by **19)** common law or **20)** statute, or **21)** deemed proper by this Honorable Court including but not limited to **22)** pain/suffering, **23)** medical expenses, **24)** loss of enjoyment of life, **25)** damages for indignity, **26)** embarrassment, **27)** humiliation, **28)** annoyance, and **29)** inconvenience.

## JURY TRIAL DEMANDED

Plaintiff demands a jury trial on all issues set forth in complaint.

**JOHN EDMONDS,**

By Counsel,

D. Adrian Hoosier, II (WVSB# 10013)
Hoosier Law Firm, PLLC
2306 ½ Kanawha Blvd., East
Charleston, WV 25311
Telephone: (681) 265-5000
Facsimile: (681) 265-5001
adrian@hlfwv.com

## IN THE CIRCUIT COURT OF MERCER COUNTY, WEST VIRGINIA

JOHN EDMONDS,

    Plaintiff,

v.                                    Civil Action: 18-C-274
                                    Judge: Sadler

ALTICE TECHNICAL SERVICES US LLC,

    Defendant.

### SUMMONS

TO:    ALTICE TECHNICAL SERVICES US LLC
          1111 Stewart Avenue
          ATTN: TROY ROBINSON
          Bethpage, NY 11714

IN THE STATE OF WEST VIRGINIA, you are hereby summoned and required to serve upon D. Adrian Hoosier, II, Plaintiff's attorney, whose address is 2306 ½ Kanawha Boulevard, East, Charleston, WV 25311, an answer, including any related counterclaim you may have, to the complaint filed against you in the above styled civil action, a true copy of which is herewith delivered to you. You are required to serve your answer within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint and you will be thereafter barred for asserting in another action any claim you may have which must be asserted by counterclaim in the above- styled civil action.

Dated: 10/03/

                                            Circuit Clerk