IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

JOHN EDMONDS,

    Plaintiff,

v.                               CIVIL ACTION NO. 1:18-01519

ALTICE TECHNICAL SERVICES US LLC,

    Defendant.

### MEMORANDUM OPINION AND ORDER

Pending before the court is defendant's partial motion to dismiss, (Doc. No. 4), and plaintiff's motion to amend his Complaint. (Doc. No. 10). For the reasons that follow, the motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**, and plaintiff's motion to amend his Complaint is **DENIED**.

**I.    Background**

This dispute arises out of defendant's termination of plaintiff's employment on or about January 2018.[1] (Doc. No. 1, Exh. A at ¶ 7). According to the Complaint, the allegations of which are taken as true for purposes of the motion to dismiss, plaintiff was employed as a service technician for the

---

[1] Defendant states in an affidavit that plaintiff's actual termination date was September 15, 2017. (Doc. No. 1, Exh. D at ¶ 4). This discrepancy is not material to the court's adjudication of the motions at issue.

defendant.  (Id. at ¶ 8).  Defendant set forth its employment policies in an employee handbook, which plaintiff acknowledged having received and read.  (Doc. No. 4, Exh. A).  At the time his employment was terminated, plaintiff suffered from a disability, and per doctor's orders, had ceased working due to an injury.[2]  (Doc. No. 1, Exh. A at ¶¶ 9, 15).  Defendant was aware of plaintiff's disability.  (Id. at ¶ 10).  Additionally, plaintiff asserts that agents of the defendant orally promised him that he would be offered light duty work upon his return to work.  (Id. at ¶¶ 20, 21).  Nevertheless, defendant terminated plaintiff without offering any accommodations for plaintiff's disability and without any offer for light duty work.  (Id. at ¶ 20).

Plaintiff's suit for wrongful termination contains three claims: (1) a claim for violation of the West Virginia Human Rights Act ("WVHRA"); (2) a claim that his termination violated public policy (a Harless claim); and (3) a claim that defendant's oral promises and its employee handbook created an implied employment contract with plaintiff such that his termination constituted a breach of contract.

---

[2] Plaintiff uses the terms "disability" and "injury" interchangeably, and does not provide any detail regarding this alleged disability and/or injury.

Defendant filed a partial motion to dismiss, seeking to dismiss plaintiff's Harless claim and the breach of contract claim. Plaintiff filed a Response to defendant's partial motion to dismiss, and within that Response also included a motion to amend the Complaint. (Doc. No. 10).

II. **Standards**

    **A. Rule 12(b)(6) – Motion to Dismiss**

"[A] motion to dismiss for failure to state a claim for relief should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim." Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989) (citation omitted) (quoting Conley v. Gibson, 355 U.S. 41, 48 (1957) and Johnson v. Mueller, 415 F.2d 354, 355 (4th Cir. 1969)). "In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Laboratories, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Ibarra v. United States, 120 F.3d 474, 474 (4th Cir. 1997).

In evaluating the sufficiency of a pleading, the cases of Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009), provide guidance. When reviewing a

motion to dismiss, under Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief may be granted, a court must determine whether the factual allegations contained in the complaint "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," and, when accepted as true, "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957) and 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Twombly, 550 U.S. at 563. As the Fourth Circuit has explained, "to withstand a motion to dismiss, a complaint must allege 'enough facts to state a claim to relief that is plausible on its face.'" Painter's Mill Grille, LLC v. Brown, 716 F.3d 342, 350 (4th Cir. 2013) (quoting Twombly, 550 U.S. at 570).

According to Iqbal and the interpretation given it by our appeals court,

> [L]egal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes. See Iqbal, 129 S. Ct. at 1949. We also decline to consider "unwarranted inferences, unreasonable conclusions, or arguments." Wahi v. Charleston

4

> Area Med. Ctr., Inc., 562 F.3d 599, 615 n.26 (4th Cir. 2009); see also Iqbal, 129 S. Ct. at 1951-52.
>
> Ultimately, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S. Ct. at 1949 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007)). Facial plausibility is established once the factual content of a complaint "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In other words, the complaint's factual allegations must produce an inference of liability strong enough to nudge the plaintiff's claims "'across the line from conceivable to plausible.'" Id. at 1952 (quoting Twombly, 550 U.S. at 570, 127 S. Ct. 1955).
>
> Satisfying this "context-specific" test does not require "detailed factual allegations." Id. at 1949-50 (quotations omitted). The complaint must, however, plead sufficient facts to allow a court, drawing on "judicial experience and common sense," to infer "more than the mere possibility of misconduct." Id. at 1950. Without such "heft," id. at 1947, the plaintiff's claims cannot establish a valid entitlement to relief, as facts that are "merely consistent with a defendant's liability," id. at 1949, fail to nudge claims "across the line from conceivable to plausible." Id. at 1951.

Nemet Chevrolet, LTD v. Consumeraffairs.com, Inc., 591 F.3d 250, 255-56 (4th Cir. 2009). When considering a 12(b)(6) motion, a court must accept all of the complaint's factual allegations as true and draw all reasonable inferences therefrom in favor of

5

the plaintiff.  See Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cnty., Md., 684 F.3d 462, 467 (4th Cir. 2012).

### B. Rule 15(a) – Motion to Amend Complaint

Federal Rule of Civil Procedure 15 governs the amendment of pleadings.  Rule 15(a)(1) provides a plaintiff with an opportunity to amend his or her complaint once as a matter of course, subject to certain time limitations.  Rule 15(a)(2), on the other hand, provides that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Because over 21 days have passed from service of a responsive pleading or service of the 12(b)(6) motion, Rule 15(a)(2) governs and the plaintiff may amend its pleadings only with the opposing party's written consent or the court's leave.

As the Fourth Circuit has explained, "[a] district court may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile." Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (en banc).  Granting leave to amend a complaint is futile when the proposed amendment fails to state a claim or is "clearly insufficient or frivolous on its face." Johnson v. Oroweat Foods Co., 785 F.2d 503, 510 (4th

6

Cir. 1986); see also Katyle v. Penn Nat'l Gaming, Inc., 637 F.3d 462, 471 (4th Cir. 2011) ("Futility is apparent if the proposed amended complaint fails to state a claim.").

**III. Analysis**

**A. Motion to Dismiss: Count 2 – Harless claim**

Under West Virginia law, an employer can terminate an employee at will. See Harless v. First Nat'l Bank in Fairmont, 246 S.E.2d 270, 275 (W. Va. 1992). However, this rule is tempered by the exception that if "the employer's motivation for the discharge contravenes some substantial public policy principle, then the employer may be liable to the employee for damages occasioned by the discharge." Id. Therefore, despite the baseline rule of at-will employment, a discharged employee may bring a Harless claim if the employer's motivation for the termination violated public policy.

In this case, the plaintiff states that he relies upon the WVHRA as the public policy supporting his Harless claim. See Doc. No. 10, at 5 ("Plaintiff uses the WVHRA as the 'clear public policy.'"). The WVHRA sets forth a number of unlawful discriminatory practices, including discriminating against an individual with respect to employment because of the individual's disability. See W. Va. Code § 5-11-9 (2016). The WVHRA also contains an exclusivity provision establishing that

the remedies contained within section 5-11-9 "shall, when invoked, be exclusive and the final determination therein shall exclude any other action, civil or criminal, based on the same grievance of the complainant concerned." Id. § 5-11-13. West Virginia law holds that "when a statute creates a cause of action and provides the remedy, the remedy is exclusive unless the statute states otherwise." Bullman v. D & R Lumber Co., 464 S.E.2d 771, 775 (W. Va. 1995).

The purpose of a Harless claim is to enable persons whose termination violated substantial public policy to recover against their employer when there is no other mechanism available to enforce the public policy at issue. Hill v. Stowers, 680 S.E.2d 66, 76 (W. Va. 2009). Here, however, the WVHRA provides a remedial scheme, and the text of the Act explicitly states that its remedial scheme is the exclusive remedy for violations of the WVHRA.

Plaintiff cannot rely upon the WVHRA as the public policy supporting his Harless claim. Federal courts in West Virginia have consistently found that the WVHRA prevents a plaintiff from maintaining both a Harless common law action and a WVHRA statutory enforcement action when both claims are based upon the same conduct. See, e.g., Blackwood v. Berry Dunn, LLC, 2019 WL 2295685, at *5 (S.D.W. Va. May 29, 2019) (Copenhaver, J.) ("The

WVHRA represents the exclusive remedy under West Virginia law for the unlawful discrimination it proscribes, precluding any common law cause of action for employment discrimination"); Farmer v. Spartan Mining Co., LLC, 2019 WL 956812, at *3 (S.D.W. Va. Feb. 27, 2019) (Berger, J.) ("[T]he law prevent[s] a plaintiff from maintaining both a Harless common law action and a WVHRA claim based on the same conduct."); Jackson v. Vaughan, 2015 WL 6394510, at *3 (N.D.W. Va. Oct. 22, 2015) (dismissing the Harless claim after explaining that the WVHRA provides for a private cause of action, and "[w]hen a statutory scheme provides a private cause of action . . . that statutory cause of action cannot be displaced by a Harless style common law tort action"); Guevara v. K-Mart Corp., 629 F. Supp. 1189, 1190-92 (S.D.W. Va. 1986) (Haden, C.J.) ("[A] victim of discrimination prohibited by the West Virginia Human Rights Act is limited to a suit under that statute and may not prosecute a so-called Harless-type action.").

While West Virginia state courts have not addressed this precise issue, the Supreme Court of Appeals of West Virginia has held that when there is strong evidence of legislative intent that a statutory remedy be exclusive, "an exception to the exclusivity rule [exists only] where the available [statutory] remedy is inadequate." Wiggins v. E. Assoc. Coal Corp., 357

S.E.2d 745, 747 (W. Va. 1987). Here, the text of WVHRA section 5-11-13 clearly states its intended exclusivity, see W. Va. Code § 5-11-13, and plaintiff has not alleged that the statutory remedy under the WVHRA is inadequate in this case – in fact, he even maintains one of his causes of action directly under the WVHRA. Furthermore, neither any federal court in West Virginia nor the Supreme Court of Appeals of West Virginia have found that the WVHRA's remedial scheme is inadequate for resolving employment discrimination claims when the WVHRA applies.[3]

For these reasons, defendant's motion to dismiss Count II (the Harless claim) is **GRANTED**.

### *i. Plaintiff's Motion to Amend his Harless Claim*

In plaintiff's Response, he requested leave to amend the Complaint in order to allege his WVHRA-based Harless claim as a separate claim from his WVHRA statutory claim. (Doc. No. 10, at 6). Currently, the Harless public policy claim is not alleged as its own count in the Complaint. (Doc. No. 1, Exh. A). Such

---

[3] West Virginia state courts have held that employer conduct which violated WVHRA section 5-11-9 could be brought as a Harless claim, but have only so held when the employer could not be held liable under the WVHRA for other reasons. See, e.g., Williamson v. Greene, 490 S.E.2d 23, 33 (W. Va. 1997) (holding that the WVHRA could serve as the public policy basis for a Harless claim because while defendant employer's conduct violated WVHRA, the employer was not an "employer" under WVHRA section 5-11-3(d) and so was not subject to liability under the WVHRA's statutory remedial scheme).

an amendment would be futile, however, as any WVHRA-based Harless claim that plaintiff brings must be dismissed due to the WVHRA's remedial exclusivity in this case. See supra. Therefore, plaintiff's motion to amend his Harless claim is **DENIED**.

### B. Motion to Dismiss: Count 3 – Breach of Contract

Under West Virginia law, employment that is not for a fixed term is presumed to be employment that is terminable at will by either party. Harless v. First Nat'l Bank, 246 S.E.2d 270, 273 (W. Va. 1978). However, parties may explicitly alter the at-will status of an employment relationship via contract. See Cook v. Heck's Inc., 342 S.E.2d 453, 457 (W. Va. 1986). Oral promises and statements in employee handbooks may, under certain circumstances, rebut the presumptive at-will nature of an employment relationship. See Suter v. Harasco Corp., 403 S.E.2d 751, 754 (W. Va. 1991) (oral promises); Cook, 342 S.E.2d at 459 (employee handbook). However, oral promises and employee handbooks must meet certain requirements to rebut the at-will presumption and therefore state a plausible claim for relief.

#### *i. Implied Contract Created Through Oral Promise*

In this case, plaintiff claims that the oral promise defendant's agent made to him regarding "light work" created an implied contract that rebuts the at-will presumption. (Doc. No.

1, Exh. A at ¶¶ 20, 21). For an oral promise to modify an employment relationship such that it is no longer at will, "'any promises alleged to alter that presumptive relationship must be very definite to be enforceable.'" White v. Nat'l Steel Corp., 938 F.2d 474, 487 (4th Cir. 1991) (quoting Suter, 403 S.E.2d at 754). To be sufficiently "very definite," the alleged promise must "contain terms that are both ascertainable and definitive in nature to be enforceable." Sayres v. Bauman, 425 S.E.2d 226, 229 (W. Va. 1992). The promise must also "be established by clear and convincing evidence." Hatfield v. Health Mgmt. Assocs. of W. Va., 672 S.E.2d 395, 402 (W. Va. 2008).[4]

Plaintiff states in his Complaint that he was promised "light duty" work or an "accommodation" so that he could return to work following his injury leave. (Doc. No. 1, Exh. A at ¶ 20). This promise is more than a mere vague promise of job security, which courts have ruled is not sufficiently ascertainable and definitive. See Sayres, 425 S.E.2d at 230

---

[4] As these standards for oral promises are plainly evidentiary in nature, they are slightly tempered at this motion to dismiss stage; plaintiff must merely state sufficient supporting facts that, taken as true, state a plausible claim for relief. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Here, to survive a motion to dismiss, Rule 12 only requires plaintiff to introduce sufficient supporting facts that show he, following discovery, may plausibly establish ascertainable and definitive terms of the promise by clear and convincing evidence.

(finding a promise insufficient where it was not promising a job for a "specific period of time or [for] continuing employment pursuant to certain specified conditions"). Instead, the terms of the alleged promise made to plaintiff indicate a promise of future employment once a condition is met – that is, once plaintiff is physically able to return to work – and the alleged promise sets forth the general kind of work – "light duty" work – which would serve as the basis for plaintiff's continued employment.[5] As a result, the terms in this promise are sufficiently ascertainable and definitive to survive a motion to dismiss.

---

[5] Notably, the promise made to plaintiff is also not a promise of a lifetime contract. Promises of lifetime contracts require particularly clear and unequivocal language before the promise may be accepted as modifying an employee's at-will employment status. Thacker v. Peak, 800 F. Supp. 372, 384 (S.D.W. Va. 1992) (Copenhaver, J.) (citing Williamson v. Sharvest Mgmt. Co., 415 S.E.2d 271, 274 (W. Va. 1992)). This higher standard is due to lifetime contracts' rarity and the substantial burden they place on the employer. Id. Here, the promise of allowing plaintiff to return to his job once he recovers, or to accommodate plaintiff with appropriate work upon his return, is not so weighty or uncommon. Employees frequently take short-term medical leave, with the expectation that they will be allowed to return to work when they are physically able. Additionally, an employer who promises to welcome back and accommodate an employee's disability may still terminate the employee following the performance of the promise; the promise only would require short-term and limited performance, which is substantially dissimilar to the indefinite burden of a promised lifetime contract.

Plaintiff also has plausibly shown that his claim of an oral promise may be supported by clear and convincing evidence. While "[a]n employee cannot satisfy the clear and convincing evidentiary burden by offering nothing more than his own testimony," Phillips v. Consolidation Coal Co., 1998 WL 480724, at *3 (4th Cir. Aug. 6, 1998) (citing Thacker, 800 F. Supp. at 383-84), plaintiff has claimed that he relied upon defendant's promise. (See Doc. No. 1, Exh. A at ¶ 21). Reliance is one form of additional evidence that can provide the grounds for establishing a promise by clear and convincing evidence. See Thompson v. Stuckey, 300 S.E.2d 295, 299 (W. Va. 1983) ("[C]lear and convincing evidence . . . may include circumstantial evidence, *apparent reliance*, similar practices of the defendant in particular or of the industry in general in similar situations, or anything else that will convince the court that the defendant has been protected from an utterly spurious claim.") (emphasis added). Here, plaintiff claims he relied on the promise when he chose to take medical leave and cease working. (Doc. No. 1, Exh. A, at ¶ 21). This reliance therefore allows plaintiff's breach of contract claim to survive defendant's motion to dismiss because it serves as a potential ground for proving the existence of the oral promise by clear and convincing evidence.

In sum, plaintiff alleges that he was orally promised ascertainable and definitive employment by defendant, and that he relied upon this promise. Accepting all of plaintiff's allegations in his Complaint as true, plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face" as to his claim that defendant breached a contract created by defendant's oral promise. Twombly, 550 U.S. at 570.

### *ii. Implied Contract Created Through Employee Handbook*

Plaintiff also claims that the defendant's employee handbook created an implied contract that the defendant breached when it violated the terms of its handbook. (Doc. No. 1, Exh. A at ¶¶ 14, 21). For an employee handbook to form the basis of a unilateral employment contract that would rebut the at-will presumption, it must contain a promise of job security. See Cook v. Heck's Inc., 342 S.E.2d 453, 459 (W. Va. 1986). Specifically, the West Virginia Supreme Court of Appeals held that "an employee handbook may form the basis of a unilateral contract if there is a definite promise therein by the employer not to discharge covered employees except for specified reasons." Id. On the other hand, "[n]o unilateral contract arises merely by the fact that [the employer] has alerted its employees that certain conduct may form the basis of a discharge." Id. Furthermore, as with oral promises that seek

to rebut the presumption of at-will employment status, any promises contained within employee handbooks alleged to alter the presumptive at-will employment relationship "must be very definite to be enforceable." Suter v. Harsco Corp., 403 S.E.2d 751, 754 (W. Va. 1991).

Here, plaintiff alleges that defendant's handbook provides for the "protection of men and women who are disabled," as it is "against Defendant's policies for a man or a woman to be discriminated against . . . due to their disability," and that the handbook also states that employees "cannot be retaliated against for disability." (Doc. No. 1, Exh. A, at ¶¶ 12-13, 21). While these provisions do serve as anti-discrimination policies, they do not individually or collectively constitute a sufficiently definite promise not to discharge except for specified reasons. See Cook, 342 S.E.2d at 459. If defendant had set forth a complete list of the only reasons that an employee could be discharged, this would constitute a sufficiently definite promise. See Thacker v. Peak, 800 F. Supp. 372, 383 (S.D.W. Va. 1992) (Copenhaver, J.). Plaintiff did not attach a copy of the handbook to his Complaint, nor did he reference particular language or cite specific sections that

allegedly altered his at-will relationship with defendant.[6]
Without such a showing, plaintiff has failed to establish a
*prima facie* case for an implied contract of employment based
upon the employee handbook.  See Mounts v. Corbin, Ltd., 771 F.
Supp. 145, 148 (S.D.W. Va. 1991) (Haden, C.J.).

Moreover, the employee handbook's Acknowledgement, signed
by plaintiff, contains an explicit statement noting that "[t]he
Employee Handbook does not modify the at-will nature of
[plaintiff's] employment."  (Doc. No. 4, Exh. A).[7]  Under West

---

[6] The fact that the court has not been provided, and therefore has not reviewed, the entire employee handbook is not relevant.  Plaintiff did not provide any facts or claims alleging that the handbook included any specific contractual promises or a list of complete reasons for termination that would modify the at-will nature of his employment.  There is therefore no given basis for plaintiff's claim that the handbook created a contract that defendant breached.  As a result, plaintiff's allegations in his Complaint are no more than "legal conclusion[s] couched as a factual allegation" that do not "raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007).

[7] The court may consider the Acknowledgement because "[w]ithout converting a motion to dismiss into a motion for summary judgment, a court may consider documents that are attached to the complaint," as well as "documents extrinsic to the complaint if they are 'integral to and explicitly relied on in the complaint' and if there is no dispute as to their authenticity."  Tinsley v. OneWest Bank, FSB, 4 F. Supp. 3d 805, 819 (S.D.W. Va. 2014) (Chambers, J.) (quoting Robinson v. Am. Honda Motor Co., 551 F.3d 218, 222–23 (4th Cir. 2009)).  "When a document is properly considered in the context of a motion to dismiss and it conflicts with the bare allegations of the complaint, the document prevails."  Id.  Here, although not attached to plaintiff's Complaint, defendant's employee handbook is integral

17

Virginia law, such an explicit statement found in either the employment application or in the employee handbook itself "effectively disclaim[s]" any implied promise that an employee handbook might have created. Suter, 403 S.E.2d at 754; see also Audiology Distribution, LLC v. Hawkins, 2014 WL 6775599, at *16 (N.D.W. Va. Dec. 2, 2014) ("'An employer may protect itself from being bound by any and all statements in an employee handbook by placing a clear and prominent disclaimer to that effect in the handbook itself.'" (quoting Syl. Pt. 5, Suter, 403 S.E.2d at 751)); Suddreth v. Maurices Inc., 2012 WL 275393, at *6 (S.D.W. Va. Jan. 31, 2012) (Berger, J.) ("[E]mployers can protect themselves from employee handbook contractual modifications by proclaiming that the employment relation is to be terminable at will.").

Plaintiff's Complaint contains no allegations that indicate specific provisions of the employee handbook which evince a "definite promise" that would alter the at-will nature of his employment. Further, the Acknowledgement signed by plaintiff

---

to and explicitly relied on in plaintiff's Complaint as one of the bases for his breach of contract claim. Plaintiff has not filed any objection regarding the authenticity of the document or to the court's consideration of the same. As such, the court may consider the handbook's Acknowledgment, as provided by defendant, without converting this motion to dismiss into a motion for summary judgment.

explicitly states that no provision in the handbook shall modify the at-will nature of plaintiff's employment.  Therefore, even accepting all of plaintiff's allegations in the Complaint as true, plaintiff has not stated a claim for relief regarding any breach of contract grounded in the employee handbook.

The court has fully considered the parties' pleadings, in the light most favorable to the plaintiff, and finds that plaintiff fails to state a claim of breach of contract based upon the employee handbook.  However, the court does find that plaintiff has made sufficient allegations to state a claim for breach of contract based upon the oral promise.  As such, defendant's motion to dismiss claim III (the breach of contract claim) is **GRANTED IN PART** as to a breach of contract based upon the employee handbook, and **DENIED IN PART** as to a breach of contract based upon the alleged oral promise.

As to plaintiff's statement in his Response that he will seek leave of the court to amend the Complaint to correct certain typographical errors, see Doc. No. 10, at 4 n.1 ("[p]laintiff has identified a few typos in the [C]omplaint and will request leave to amend"), the court will entertain such a motion when and if it is filed.  The motion should set forth the specific typographical corrections to the Complaint that plaintiff seeks to make.

**IV. <u>Conclusion</u>**

For the reasons expressed above, defendant's partial motion to dismiss, (Doc. No. 4), is **GRANTED IN PART** and **DENIED IN PART**, and plaintiff's motion to amend the Complaint, (Doc. No. 10), is **DENIED**.

The Clerk is directed to send copies of this Memorandum Opinion and Order to all counsel of record.

IT IS SO ORDERED this 12th day of September, 2019.

Enter:

*David A. Faber*

David A. Faber
Senior United States District Judge